**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JPM NETWORKS, LLC,<br>d/b/a KWIKBOOST<br><br>Plaintiff,<br><br>v.<br><br>JCM FIRST VENTURE, LLC<br>d/b/a CHARGEALL<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>3:14-cv-1507 |

**COMPLAINT AND JURY DEMAND**

V. Craig Belair
U.S.D.C. N.D.TX. Bar No. 32696CO
Belair Intellectual Property Law LLC
4610 S. Ulster St., Suite 150
Denver, Colorado 80237
Tel: (214) 240-8601
Fax: (972) 618-0206
docketing@belairiplaw.com

## COMPLAINT AND JURY DEMAND

Plaintiff JPM Networks, LLC d/b/a Kwikboost ("JPM Networks" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Texas, having a principal place of business at 4819 Woodall St., Dallas, Texas 85247 for its claims against JCM First Venture, LLC d/b/a ChargeAll ("ChargeAll" or "Defendant") a limited liability company organized and existing under the laws of the State of California, having a principal place of business at 260 Newport Center Dr., Suite 100, Newport Beach, California 92660, makes and files this Complaint and alleges as follows:

## 1. THE PARTIES

### A. Plaintiff JPM Networks.

1. Plaintiff JPM Networks, LLC d/b/a Kwikboost is a limited liability company organized and existing under the laws of the State of Texas, having a principal place of business at 4819 Woodall St., Dallas, TX 85247, and may be served through its agent for service of process, Mr. Joseph Mecca, 1317 Breanna Way, Coppell, TX 75019.

### B. Defendant ChargeAll.

2. JCM First Venture, LLC d/b/a ChargeAll, Inc. is a limited liability company organized and existing under the laws of the State of California, having a principal place of business at 260 Newport Center Dr., Suite 100, Newport Beach,

CA 92660, and may be served through its agent for service of process, Jeffrey Maganis, 260 Newport Center Dr., Suite 100, Newport Beach, CA 92660.

3. Upon information and belief, ChargeAll is owned by Mr. Jeffrey Maganis who is a Member and/or Director.

## 2. SUBJECT MATTER JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Additionally, this is an action for trade dress infringement claims under the Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. § 1051 *et* seq., as well as under the common law. This Court has subject matter jurisdiction pursuant to 15 U.S.C § 1521(a) and 28 U.S.C. §§ 1331 and 1338(a).

5. This court has subject matter jurisdiction over the common law claims asserted herein pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because the common law claims are substantial and related to the patent and trade dress claims asserted herein and form part of the same case or controversy.

## 3. PERSONAL JURISDICTION AND VENUE

### A. General.

6. Upon information and belief, Defendant ChargeAll regularly transacts business, and has committed and/or induced acts of patent infringement within the

State of Texas and within the Northern District of Texas. Defendant ChargeAll is, therefore, subject to the personal jurisdiction of this Court.

7. Upon information and belief, Defendant ChargeAll has conducted commercial activities, and continues to conduct business, within the State of Texas and within this district.

8. Upon information and belief, Defendant ChargeAll has shipped products to Plaintiff JPM Networks and/or to other customers within the United States.

9. Upon information and belief, Defendant ChargeAll, directly or through intermediaries, has purposefully and voluntarily placed one or more of their products (including, but not limited to, the products that are accused of infringement in this complaint) into the stream of commerce in the Northern District of Texas and elsewhere.

10. Defendant ChargeAll has sufficient minimum contacts with Texas and this district and the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

11. Personal jurisdiction over Defendant ChargeAll is proper pursuant to Texas Long-Arm Statute § 17.042 of the Texas Civil Practice and Remedies Code, and principles of due process.

**B. Specific Jurisdiction.**

**1. Defendant ChargeAll.**

12. Personal jurisdiction over Defendant ChargeAll is proper under principles of specific jurisdiction. Upon information and belief, Defendant ChargeAll has transacted and solicited business in Texas and in this district related to the subject matter of the claims alleged herein. Upon information and belief, Defendant ChargeAll has committed infringement in this state of Texas and in this district by importing, offering to sell and/or selling goods infringing one or more of the '201 Patent and '202 Patent, to one or more customers in this state and district, and/or by exposing for sale, offering for sale and/or selling such infringing goods to Texas residents and others at least via its commercial website www.chargeall.com.

13. Personal jurisdiction over Defendant ChargeAll is also proper because it is, *inter alia*, promoting its business and carrying out the acts complained of, over the Internet, and upon information and belief, by regularly conducting business, including the sale and offering for sale of its products within the State of Texas and within this district.

**C. General Jurisdiction.**

14. Personal jurisdiction over Defendant ChargeAll is also proper under principles of general jurisdiction in that Defendant ChargeAll has regularly and purposefully conducted business in Texas and this district.

**D. Venue.**

15. Venue also properly lies in this district pursuant to 28 U.S.C. § 1400(b) because Defendant ChargeAll has committed acts of infringement in this district.

16. Venue also properly lies in this district over Defendant ChargeAll pursuant to 28 U.S.C. § 1391(b) (2) and/or (3) because either a substantial part of the events giving rise to the claims recited below, or a substantial part of the property that is the subject of the action is in this district, or there is no district in which the action may otherwise be brought as provided in 28 U.S.C. § 1391, and this court has personal jurisdiction over Defendant ChargeAll.

17. Upon information and belief, there are no other lawsuits or proceedings in any other jurisdiction relating to the validity and/or infringement of the patents or published patent applications that are the subject of this complaint.

**4. FACTUAL BACKGROUND – PATENT IN SUIT**

18. For many years, Plaintiff JPM Networks, LLC d/b/a Kwikboost has engaged in the development, manufacture, and sale of mobile device charging stations. JPM Networks has taken steps to protect its innovative inventions and designs. In particular, JPM Networks owns United States design patents relating to its mobile device charging stations. Some of these product lines of mobile device charging stations are depicted in the attached group **Exhibit A**, constitute popular

and refined mobile device charging stations with craftsmanship and detail reflecting genuine and superb quality.

19. JPM Networks is the owner of all right, title, and interest to United States patent number D688,201 S, entitled “Mobile Device Charging Station,” (“the ’201 Patent”), which duly and legally issued to Plaintiff JPM Networks on August 20, 2013. A copy of the ‘201 Patent is attached as **Exhibit B**. The ‘201 Patent is valid, subsisting, in full force and effect, and solely owned by JPM Networks.

20. JPM Networks is the owner of all right, title, and interest to United States patent number D688,202 S, entitled “Mobile Device Charging Station,” (“the ’202 Patent”), which duly and legally issued to Plaintiff JPM Networks on August 20, 2013. A copy of the ‘202 Patent is attached as **Exhibit C**. The ‘202 Patent is valid, subsisting, in full force and effect, and solely owned by JPM Networks.

21. JPM Networks is the sole owner of the ‘201 Patent and the ‘202 Patent and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement.

22. JPM Networks own commercial products covered by the ‘201 Patent and ‘202 Patent were offered for sale and sold after filing and prior to the issuance of the ‘201 Patent and the ‘202 Patent and JPM Networks is currently involved in

developing, marketing and offering for sale, new commercial embodiments of the ‘201 Patent and the ‘202 Patent.

23. At all times relevant to this action, JPM Networks has complied with any notice provisions of 35 U.S.C. § 287 as they may relate to the ‘201 Patent and the ‘202 Patent.

24. Recently, and subsequently to the establishment by JPM Networks of its trade dress rights in its mobile device charging stations and prior to and after the issuance of the ‘201 Patent and ‘202 Patent, Defendant ChargeAll embarked on a systematic, organized, and damaging course of conduct directed to duplication and copying of JPM Networks’ mobile device charging stations, and has in fact copied and is offering for sale, and selling, unauthorized, and inferior, replications of JPM Networks’ mobile device charging stations. Illustrations of these “knock-offs” are attached hereto as **Exhibit D**. This illegal conduct by ChargeAll has no other purpose than to trade on the reputation and recognition by the purchasing public of JPM Networks’ mobile device charging stations. These activities by ChargeAll are damaging JPM Networks reputation in the marketplace and, unless immediately restrained, will cause irreparable harm to JPM Networks.

## 5. COUNT NO. 1 – INFRINGEMENT OF PLAINTIFF’S PATENT

### A. Same Product Infringement by Defendant ChargeAll.

25. Upon information and belief, Defendant ChargeAll infringes and/or has infringed one or more claims of Plaintiff's '201 Patent and '202 Patent by making, using, selling, offering to sell, and/or importing, the same mobile device charging stations and/or by knowingly inducing others to do so.

26. Upon information and belief, Defendant ChargeAll sells and/or has sold the "ChargeAll" - branded model number #CA-87927 "Wall Mount Phone Charging Station – WM8" within the State of Texas and within the Northern District of Texas, which infringes one or more claims of Plaintiff's '201 Patent and '202 Patent.

**B. Additional Infringements by Defendant.**

27. Upon information and belief, Defendant ChargeAll also sells, has offered for sale, has sold and/or has imported, other wall-mounted or stand mounted mobile device charging stations that infringes one or more claims of Plaintiff's '201 Patent and '202 Patent including, but not limited to the products shown on their website that are not associated with product numbers.

28. Plaintiff JPM Networks has been damaged as a result of Defendant's infringing activities and will continue to be damaged unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, Plaintiff JPM Networks is entitled to damages adequate to compensate for the infringement of Plaintiff JPM

Networks' '201 Patent and '202 Patent, including, inter alia, lost profits and/or a reasonable royalty.

29. Plaintiff JPM Networks will be irreparably harmed if Defendant's patent infringement continues. Plaintiff relies upon its patents for protection of its business's intellectual property and the rampant infringement of its patents by Defendant deprives Plaintiff's business of its intellectual assets and denies Plaintiff the exclusivity in the marketplace for offering and selling its products to which it is entitled under the Patent Laws. This seriously damages Plaintiff in a manner that cannot be adequately compensated by money alone. Plaintiff is entitled to a permanent injunction prohibiting Defendant, their directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with it, from taking any other actions that would infringe Plaintiff's '201 Patent and '202 Patent.

## 6. COUNT NO. 2 - INFRINGEMENT OF PROVISIONAL RIGHTS IN THE '201 PATENT and '202 PATENT

30. Upon information and belief, Defendant ChargeAll had actual notice of United States published patent application number 29/409,437 ("the '437 Application") including its specification and claims prior to the issue date of the '201 Patent on August 20, 2013 via United States certified mail return receipt dated on or before June 24, 2013.

31. Upon information and belief, Defendant ChargeAll had actual notice of United States published patent application number 29/409,446 ("the '446 Application") including its specification and claims prior to the issue date of the '202 Patent on August 20, 2013 via United States certified mail return receipt dated on or before June 24, 2013.

32. Upon information and belief, pursuant to 35 U.S.C. § 154(d), since having actual notice of the '437 Application and '446 Application, Defendant ChargeAll has made, used, offered for sale, sold and/or imported into the United States the invention as claimed in one or more claims of the '437 Application and '446 Application, by making, using, offering for sale, selling and/or importing into the United States one or more models of mobile device charging stations, including, but not limited to, its mobile device charging stations.

33. As a result of infringement of Plaintiff's provisional rights in the '437 Application and '446 Application by Defendant ChargeAll, Plaintiff is entitled to recover a reasonable royalty pursuant to 35 U.S.C. § 154(d)(1), in addition to Plaintiff's other rights provided by the Patent Statute.

## 7. COUNT NO. 3 - WILLFULNESS OF THE INFRINGEMENT

34. Upon information and belief, Defendant ChargeAll has had actual knowledge of Plaintiff's 201 Patent and '202 Patent and that one or more of its products infringe one or more claims of those patents. Upon information and

belief, not only has Defendant ChargeAll had notice of Plaintiff's "201 Patent and '202 Patent, Defendant ChargeAll, without justification, continues to flagrantly infringe such the '201 Patent and '202 Patent by continuing to offering for sale and/or sell at least its mobile device charging stations. There was an objectively high likelihood of infringement and Defendant ChargeAll knew this, or the infringement was so obvious that Defendant ChargeAll should have known it. As such, Defendant ChargeAll's infringement of Plaintiff's '201 Patent and '202 Patent is deliberate and willful. The allegations and factual contentions set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. See Fed. R. Civ. P. 11(b)(3).

## 8. COUNT NO. 4 – TRADE DRESS INFRINGEMENT

35. JPM Networks has established a unique and recognizable trade dress for its mobile device charging stations such that the trade and the general public recognize those designs and quality as originating from JPM Networks.

36. ChargeAll's use of JPM Networks unique trade dress in connection with the promotion of its wall mount phone charging station products is likely to cause confusion, mistake, or deception as to the source or origin, sponsorship, or approval of Defendant ChargeAll's products in violation of 15 U.S.C. § 1125(a)(1)(A).

37. ChargeAll's actions have harmed Plaintiff and, unless enjoined, will continue to cause irreparable harm to JPM Networks.

**9. COUNT NO. 5 – FALSE ADVERTISING**

38. JPM Networks has established a unique and recognizable trade dress for its mobile device charging station products such that the trade and general public recognize those designs and quality as originating from JPM Networks.

39. ChargeAll has misrepresented the characteristics and quality of its goods in commercial advertising and promotion in violation of 15 U.S.C. §1125(a)(1)(B), including by advertising that its products are of the same quality as Plaintiff's products.

40. ChargeAll's actions have caused harm and, unless enjoined, will continue to cause irreparable harm to JPM Networks.

**10. COUNT NO. 6 – UNFAIR COMPETITION**

41. ChargeAll's aforementioned acts of trade dress misappropriation and false advertising constitute unfair completion under the common law as well as a violation of statutory trademark law. These acts of ChargeAll have been carried out for the purpose of unfairly misappropriating JPM Networks profits, as well as it reputation and goodwill, all to the detriment of JPM Networks. JPM Networks is therefore entitled to recover actual damages suffered as a result of these acts, enhanced damages, and any and all profits of the Defendant attributable to such

acts, and recovery of JPM Networks' attorney's fees. Defendant's conduct has caused harm and, unless enjoined, will continue to cause irreparable harm to JPM Networks and to the intellectual property associated with JPM Networks mobile device charging stations, for which there is no adequate remedy of law.

## 11 JURY DEMAND

42. Plaintiff hereby demands a trial by jury, pursuant to Fed. R. Civ. Proc. 38(b), for all issues so triable.

## 12. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court enter judgment granting Plaintiff the following relief:

a. Awarding Plaintiff its damages adequate to compensate for Defendants' infringement of Plaintiff's '201 Patent and '202 Patent, including, inter alia, lost profits and/or a reasonable royalty;

b. Awarding Plaintiff treble of the damages and/or reasonable royalty, and that those damages and/or reasonable royalty be trebled on account of the willful nature of the infringement, pursuant to 35 U.S.C. § 284, against Defendants;

c. Declaring this case to be exceptional under 35 U.S.C. §285 and awarding Plaintiff their attorneys' fees, costs and expenses related to bringing this action;

e. Enjoining Defendants from infringing Plaintiff's Patent; and

f. Awarding Plaintiff such further and other relief as the Court deems just and equitable.

Dated: April 24, 2014

Respectfully submitted,

/s/ V. Craig Belair
V. Craig Belair
U.S.D.C. N.D. TX. Bar No. 32696CO
docketing@belairiplaw.com

Belair Intellectual Property Law LLC
4610 S. Ulster St., Suite 150
Denver, CO 80237
(214) 240-8601 (ph)
(972) 618-0206 (fax)

**Attorney for Plaintiff**
*JPM Networks, LLC*